KM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Jeffery Jabari Jessup,

Plaintiff,

v.

CoreCivic Incorporated,

Defendant.

No.    CV-25-01486-PHX-JJT (DMF)

**ORDER**

Pending before the Court is Plaintiff's Motion for "Extension of Dismissal Date" (Doc. 33), in which Plaintiff seeks additional time to file a second amended complaint in compliance with the Court's November 17, 2025 Order[1] and to allow his grandmother to "represent" him in this case because he has given her power of attorney.

**I.    Motion**

The Court will grant Plaintiff's Motion to the extent the Court will give Plaintiff 30 days from the filing date of this Order to file a second amended complaint.

The Court will deny the Motion to the extent Plaintiff seeks to allow his grandmother to represent him. Although a non-attorney may appear *in propria persona* on her own behalf, that privilege is personal to her, and she has no right to appear as an attorney for others. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (citing

---

[1] Plaintiff is confined in the Central Arizona Florence Correctional Complex and filed this action in the Superior Court of Maricopa County, Arizona. Defendant CoreCivic removed the case to this Court. The Court dismissed the original Complaint with leave to amend. Plaintiff then filed a First Amended Complaint, which the Court also dismissed with leave to amend.

JDDL

*C.E.Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).  Accordingly, Plaintiff's grandmother cannot assert claims on behalf of Plaintiff, regardless of whether Plaintiff may have executed a power-of-attorney authorizing her to do so.  *See Johns*, 114 F.3d at 876 (upholding dismissal where plaintiff attempted to assert claim on behalf of individual who had executed a power-of-attorney in plaintiff's favor); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (the fact that individuals had granted plaintiff a power-of-attorney to represent them did not authorize him to act as their counsel).  Plaintiff's grandmother may assist him in drafting documents for filing, but Plaintiff must sign every document he files with the Court and must represent himself in this action.

**II.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of the November 17, 2025 Order and this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Motion for Extension of Time (Doc. 33) is **granted in part** and **denied in part**.  The Motion is **granted** insofar as Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with the November 17, 2025 Order.  The Motion is **denied** with respect to Plaintiff's request to allow his grandmother to represent him in this matter.

. . . .

JDDL

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 5th day of January, 2026.

_____
Honorable John J. Tuchi
United States District Judge

**JDDL**

- 3 -